BOWMAN, Circuit Judge.
The United States appeals from a decision of the District Court, which accorded priority to a security interest held by Jerry Dennis over a conflicting security interest held by the Farmers Home Administration (FmHA) of the United States Department of Agriculture. We reverse.
Terry and Paula Connor (Connor) borrowed $60,000 from the FmHA on November 20, 1978. Under the terms of the promissory note, the loan was to be repaid in eight installments. The first seven installments were to be handled in annual payments on each January 1, beginning in 1979 and continuing through 1985. The eighth installment was to be paid on November 20, 1985. To secure the loan, the FmHA obtained and perfected a security interest in Connor’s crops on a 220-acre tract of land in Jackson County, Arkansas that Connor leased from J.R. Sink. In May 1981, Connor had Jerry Dennis install an irrigation system on the leased property. On August 11, 1981 Connor, who had not yet paid for the irrigation system, executed a promissory note for the installation price. An accompanying security agreement gave Dennis a security interest in two-thirds of the rice crop then being grown on sixty acres of the leased property. Dennis properly perfected his security interest.
Connor defaulted on both the FmHA and Dennis notes and filed a petition in bankruptcy. In the ensuing bankruptcy proceedings, both the FmHA and Dennis claimed a superior interest in proceeds from the sale of Connor’s 1981 rice crop. On September 7, 1982, the bankruptcy court granted the United States’s motion for summary judgment, the effect of which was to accord priority to the FmHA’s security interest. Dennis appealed the decision of the bankruptcy court. On December 17, 1982 the District Court reversed the bankruptcy court’s decision, giving Dennis’s security interest priority. This appeal then was taken by the United States.
The sole question on this appeal is which of the two security interests should be given priority. Both the FmHA and Dennis have a perfected security interest in Con-nor’s 1981 rice crop that was grown on sixty acres of the Sink property. Both security interests were perfected by filing a financing statement in Jackson County, Arkansas; the FmHA filed on November 20, 1978 and Dennis filed on August 11, 1981.
*525 Under Arkansas’s codification of the Uniform Commercial Code, when two security interests, both of which have been perfected by filing a financing statement, are in conflict, priority generally is given to the party who first filed its financing statement. See Ark.Stat.Ann. § 85-9-312(5) (Supp.1983). If this general rule is applied, the FmHA has priority over Dennis. But Dennis claims that, under an exception to the general rule, his security interest should be given priority.
Dennis relies upon Ark.Stat.Ann. § 85-9-312(2) (Supp.1983), which provides as follows:
A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three [3] months before the crops become growing crops by planting or otherwise takes priority over an earlier perfected security interest to the extent that such earlier interest secures obligations due more than six [6] months before the crops become growing crops by planting or otherwise, even though the person giving new value had knowledge of the earlier security interest.
Applying this statute, the District Court found that Dennis gave the requisite new value to Connor shortly after the 1981 crop in question became a growing crop and that Connor’s obligation to the FmHA was due more than six months before that crop became a growing crop. The District Court therefore gave priority to Dennis’s security interest. Designated Record at 55.
The facts of this case are similar to those in United States v. Minster Farmers Cooperative Exchange, Inc., 430 F.Supp. 566 (N.D.Ohio 1977). In that case, both the FmHA and the Minster Farmers Cooperative Exchange (MFCE) held a perfected security interest in certain crops of the debtor. On December 5, 1968 the FmHA had made the last in a series of loans to the debtor. Installment payments were due on the loans through December 1973. The loans were secured by an interest in all of the debtor’s crops. In April of both 1969 and 1970, MFCE had provided seed, fertilizer, and other materials to meet the requirements of planting the debtor’s 1969 and 1970 crops. To cover the cost of these materials, MFCE took a security interest in the debtor’s 1969 and 1970 crops. The 1969 and 1970 crops were delivered to MFCE. The United States then sued MFCE for unlawful conversion. Id. at 567-68.
The United States claimed that it was entitled to the debtor’s 1969 and 1970 crops because it had held a security interest in all of the debtor’s crops since 1965. Relying on a statute identical to the one relied on by Dennis in the instant case, MFCE claimed a superior interest in the debtor’s 1969 and 1970 crops. MFCE argued “that because the last promissory note between the [FmHA] and the [debtor] was executed on December 5, 1968, the [FmHA’s] security interest secured obligations ‘due’ more than six months before either the 1969 or the 1970 crops became growing.” Id. at 570. The district court construed the statute cited by MFCE as “ ‘entitling] one to priority only over obligations more than six months overdue at the time the crops in question become growing crops.’ ” Id. (quoting J. White & R. Summers, Uniform Commercial Code § 25.6, at 923 (1972)). The court concluded that because there were installments owed to the FmHA that had not yet come due within six months of the planting of the 1969 and 1970 crops and because such installments would continue to become due through 1973, MFCE was not entitled to priority under the statute. See id. The court granted the United States’s motion for summary judgment, giving priority to the FmHA’s security interest because it was the first to be perfected. Id. at 571.
We agree with the reasoning of the court in Minster, supra, and thus we find that Connor’s obligation to repay the FmHA was not more than six months overdue when Connor’s 1981 rice crop became a growing crop. At that time, the January 1, 1981 installment payment on the obligation *526 was less than six months overdue. Moreover, the greater portion of the obligation was not overdue at all. Rather, it was to become due in increments through November 20, 1985. Accordingly, we hold that the District Court’s finding that Connor’s obligation to the FmHA was more than six months overdue before the 1981 rice crop became a growing crop is clearly erroneous. See Fed.R.Civ.P. 52(a). Dennis’s security interest thus is not entitled to priority under Ark.Stat.Ann. § 85-9-312(2) and the FmHA’s security interest, being the first to have been perfected, is entitled to priority under Ark.Stat.Ann. § 85-9-312(5).
The judgment of the District Court is reversed.